## Appeal of J. S. Von Voorhis, Exr. of George Hazelbaker, Deceased.

An executor who paid the whole of the money due on a note, to the administrator of one of the two joint payees, instead of paying one half to the administrator and the other half to the other joint payee, *held*, liable to the latter for this mispayment.

(Argued October 17, 1887.   Decided October 31, 1887.)

· October Term, 1887, No. 33, W. D., before GORDON, Ch. J., PAXSON, GREEN, and WILLIAMS, JJ.   Appeal from a decree of the Orphans' Court of Washington County.   Affirmed.

Margaret J. Hazelbaker, afterward Margaret J. Guffey, and Sarah A. Hazelbaker, now Sarah A. Cummins, were the daughters of George Hazelbaker, deceased, late of Washington county. February 7, 1865, George Hazelbaker made his note, under seal, for the sum of $131 payable six months after date to the order of Margaret and Sarah Ann Hazelbaker.   George Hazelbaker, the father, having died, his estate was administered by his executor, Dr. J. S. Van Voorhis, whose accounts having been settled were referred to an auditor for distribution.   Margaret J. Guffey died after the date of her father's death; and letters of administration were granted upon her estate to Isaac S. Van Voorhis, by the register of wills of Westmoreland county.   Among the papers of Mrs. Guffey her administrator found the note in controversy, and before the auditor, appointed to report a schedule of distribution of the estate of the father, presented the note as a debt of the estate.   The auditor's notes attached to his report show that the claim was presented by the administrator alone. Subsequently the other payee in the note, Mrs. Cummins, appeared by counsel before the auditor, while testimony in support of the claim was being taken.

The claim was allowed by the auditor who, in his schedule of distribution referred to it as follows:

I. S. Van Voorhis, administrator,            }
   Margaret Guffey and Sarah A. Cummins. } $252.32.

The amount of this note, as ascertained by the auditor, was demanded by Mrs. Guffey's administrator and, upon the surren-

der of the note and giving of a receipt, was paid to him by the executor of George Hazelbaker. The executor having made answer to this effect, when cited to show cause why he should not pay to Mrs. Cummins the half of the sum awarded, his answer was demurred to as "not sufficient in law."

No testimony was taken by either side, but upon the argument of the case the following facts were admitted and considered as proved:

1. That the note was made payable to the two daughters and was found in the possession of Mrs. Guffey at the time of her death;

2. That Mrs. Guffey held at the time of her death an evidence of indebtedness against her sister, Mrs. Cummins, which remains unpaid;

3. That Mrs. Cummins claims to have a full defense against said indebtedness.

The court, sustaining the demurrer, made the rule upon the executor absolute, making the following decree:

"And now, December 31, 1886, the rule heretofore granted, on the petition of Sarah Ann Cummins, on Dr. J. S. Van Voorhis, executor of George Hazelbaker, deceased, to show cause why he should not pay to the petitioner the sum of $126.16, with interest from September 15, 1882, is made absolute; and it is now ordered and decreed that the said Dr. J. S. Van Voorhis, executor as aforesaid, pay to the said Sarah Ann Cummins the sum of $126.16, with interest thereon from September 15, 1882, and costs of this proceeding.

Thereupon the executor took this appeal, assigning for error: (1) The sustaining of the demurrer to the answer; (2) the refusal to dismiss the petition of Sarah A. Cummins; and (3) the making of the decree.

*John H. Murdoch,* for appellant.—Obligees are joint when the obligation is made to two or more; and in that event each is not a creditor for his separate share, unless the nature of the subject or the particularity of the expression in the instrument leads to a different conclusion. Bouvier, Law Dict.; Chitty, Contr. 127.

As a result of this relation and of the nature of the contract, any one of the joint payees or obligees may receive payment of the whole debt and his receipt to the debtor or obligor will oper-

ate as a full release and discharge. "It is very clear then, that payment to a joint creditor, of which his receipt is evidence, discharges the debt." Bowes v. Seeger, 8 Watts & S. 222; Husband v. Davis, 10 C. B. 645; Wallace v. Kelsall, 7 Mees. & W. 264; Clark v. Patton, 4 J. J. Marsh. 33, 20 Am. Dec. 203; Pierson v. Hooker, 3 Johns. 68, 3 Am. Dec. 467; Lazarus v. Follmer, 4 Watts & S. 13.

The death of one of the joint payees would not sever the debt or the relation of the parties.

Certainly in bringing an action on the note in controversy no one would have thought of doing so without joining the administrator of Mrs. Guffey and Mrs. Cummins as plaintiffs; but if their interests were not joint they could not be joined as plaintiffs in a single action. Chitty, Pl. *10; Herbert v. Pigott, 2 Cromp. & M. 384.

In some aspects joint obligees resemble partners, although of course their right or authority relates only to the receipt of payment or the release of the particular obligation in which they are joined. Upon a dissolution of the partnership the authority and implied agency of the individual members are in general ended; yet after dissolution either partner may receive a debt due to the firm and discharge the debtor. Riddle v. Etting, 32 Pa. 412.

*A. W. & M. C. Acheson*, for appellee.—One of the two joint owners of the note is dead, and her administrator cannot present the note and demand payment of the whole of it.

If you treat the two women as partners, Mrs. Cummins, as the survivor, is entitled to receive from Dr. Van Voorhis the whole of the award made by the auditor. Price v. Ralston, 2 Dall. 66, note, 1 L. ed. 291, 1 Am. Dec. 260; Wallace v. Fitzsimmons, 1 Dall. 248, 1 L. ed. 122.

If you treat them as joint owners, it may be admitted that owing to the confidential relation and implied agency between the parties, either might present the note and demand payment; but death has destroyed that confidential relation and implied agency, and the appointee of the law cannot thrust himself forward as the authorized agent of the survivor. 1 Parsons, Contr. 5th ed. 31; Anderson v. Martindale, 1 East, 497; Stowell v. Drake, 23 N. J. L. 310; Chitty, Contr. 11th Am. ed. p. 1351; 1 Chitty, Pl. § 11; Ehle v. Purdy, 6 Wend. 630. See also

Story, Partn. § 346; Watson, Partn. § 364; Penn v. Butler, 4 Dall. 354, 1 L. ed. 864; and Wms. Pers. Prop. § 307.

The act of March 21, 1812, abolished the right of survivorship as an effect of joint tenancy in both real and personal property. Yard's Appeal, 86 Pa. 125. See also Merrick's Estate, 8 Watts & S. 404.

PER CURIAM:

We need not discuss the right of one copayee to receive the whole of the money due upon a note or other obligation. In this case we have the report of an auditor awarding the sum of $252.32 to "I. S. Van Voorhis, administrator of Margaret Guffey and Sarah A. Cummins." The executor of George Hazelbaker paid the whole of the money to the administrator of Margaret Guffey, instead of paying one half to him and one half to Sarah A. Cummins. For this mispayment he is liable to the latter.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.